IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK05-85290 |
| ) | |
| CHARLES ROBERT WELSHIEMER and ) | |
| DELORES E. WELSHIEMER, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | A06-8006 |
| Plaintiff, ) | |
| ) | Filing No. 12, 14 |
| vs. ) | |
| ) | |
| CHARLES ROBERT WELSHIEMER and ) | |
| DELORES E. WELSHIEMER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Hearing was held in Omaha, Nebraska on April 27, 2006, regarding Filing No. 12, Motion to Reconsider and Vacate Default Judgment, filed by defendants, and Filing No. 14, Resistance, filed by plaintiff. Brandon R. Tomjack appeared for U.S. Bank National Association and Howard T. Duncan appeared for defendants.

On March 8, 2006, a default judgment was entered in favor of U.S. Bank, N.A., and against each of the defendant/debtors in the amount of $3,144,244.81, plus accrued interest. In addition to entering the judgment, the court found that the debtors should be denied a discharge, and, separately, determined that the judgment was non-dischargeable under 11 U.S.C. § 523.

Defendant/debtors timely filed a motion for reconsideration and a request to vacate the default judgment. Hearing was held on April 27, 2006. Evidence was presented and argument made.

The motion to reconsider and vacate the default judgment is granted, but only to the extent of the denial of the discharge and the determination of non-dischargeability. Although the defendant/debtors are not without blame in failing to timely answer or respond to the summons and complaint, the denial of a discharge and the determination of non-dischargeability of the judgment are extremely harmful to the "fresh start" most honest debtors are able to obtain through the filing of a Chapter 7 bankruptcy petition. Such determination should not be made lightly, nor should it be made in most cases without the presentation of evidence underlying the statutory basis for such determinations.

Here, the defendant/debtors did timely move to vacate the judgment and have requested the opportunity to present evidence with regard to the factual and legal issues involved. They should be allowed to do so in a limited sense.

The monetary judgment itself shall not be vacated. The bank should not be required to try the case and prove the amount due. However, it shall be the bank's burden to prove all the factual and legal elements concerning the Section 727 and Section 523 claims for relief.

The defendant/debtors shall further move or plead no later than May 18, 2006.

The Clerk of the Bankruptcy Court shall file a copy of this judgment with the district court so that the district court record is clear with regard to the current status of the Section 727 and Section 523 issues.

SO ORDERED.

DATED this 28th day of April 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Brandon R. Tomjack
    *Howard T. Duncan
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.